IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TONY WALKER | ) | |
| Plaintiff, | ) ) ) | Case No.: 09-0583-CV-W-FJG |
| vs. | ) ) ) | |
| OFFICER THOMAS KARTMAN<br>SERIAL #4409 | ) ) ) ) | |
| And | ) ) | |
| OFFICER EDWARD WILLIAMS<br>SERIAL #4861 | ) ) ) ) | |
| And | ) ) | |
| KANSAS CITY MISSOURI BOARD<br>OF POLICE COMMISSIONERS<br>(Patrick McInerney, Mark Thompson,<br>Karl Zobrist, Mayor Mark Funkhouser,<br>James Wilson, Jennifer L. Atterbury<br>in their official capacities) | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED PETITION IN RESPONSE TO MOTION TO DISMISS

### ALLEGATIONS COMMON TO EACH COUNT

**COMES NOW** Plaintiff, Tony Walker for his Petition against Defendants, states and alleges as follows:

1. Plaintiff resides in Jackson County, Missouri and has his principal residence at 3929 Willow Avenue #201, Kansas City, Missouri 64133.

1

2. At all relevent Defendant Thomas Kartman # 4409 was employed as a police officer with the Kansas City, Missouri Police Department and may be served at The Metro Patrol Division, 1880 E. 63rd St., Kansas City Missouri 64130.

3. At all times relevent Defendant Edward Williams # 4861 was employed as a police officer with the Kansas City, Missouri Police Department and may be served at The Metro Patrol Division, 1880 E. 63rd St., Kansas City Missouri 64130.

4. Defendant Kansas City Missouri Board of Police Commissioners ("Board") is a public body politic, governed and operating, and who may sue and be sued by and through its commissioners, Mark Thompson, Board President, James Wilson, Board Treasurer, Karl Zobrist, Board Member, Patrick McInerney, Board Member, in their official capacities only, Mayor Mark Funkhouser is a member of the Board of Police Commissioners by virtue of his elected office. The Defendant Board is responsible for the management, supervision and control of the City of Kansas City, Missouri Police Department, and may be served with process by service on Assistant Missouri Attorney General, Virginia H. Murray, 615 E. 13th Street, Suite 401, Kansas City, Missouri 64105.

5. That jurisdiction is proper in this Court pursuant to Missouri Constitution, Article V, Section 14(a) and R.S.Mo. §§506.500(1), (2), and (4).

6. That venue is proper in this Court pursuant to R.S.Mo §508.010.

7. At all times relevant herein Defendants Officer Kartman and Officer Williams were employees of Defendant Board as police officers acting within the course and scope of their employment.

8. That Defendants Officer Kartman and Officer Williams on or about January 3, 2009 were on Deerbrook Apartments property in the city limits of Kansas City, Missouri.

9. That Defendants Officer Kartman and Officer Williams were not in "fresh pursuit" of a suspect at the time these Defendants drove to the complex.

10. At said time and place Defendants Officer Kartman and Officer Williams were in uniform as Kansas City, Missouri Police Officers.

11. That Defendants Officer Kartman and Officer Williams shoved Plaintiff to the ground.

2

Case 4:09-cv-00583-FJG   Document 21   Filed 03/11/10   Page 2 of 10

12. That Defendants Officer Kartman and Officer Williams had contact with Plaintiff as he was explaining reason for "911" call.

13. That Defendants Officer Kartman and Officer Williams put Plaintiff's arms behind his back and handcuffed him.

14. That Defendants Officer Kartman and Officer Williams handcuffed Plaintiff tightly.

15. That Defendants Officer Kartman and Officer Williams did not state to Plaintiff that he was under arrest, no Miranda rights were read.

16. That Defendants Officer Kartman and Officer Williams arrested Plaintiff

17. That Defendants Officer Kartman and Officer Williams were not in "fresh pursuant" of Plaintiff when they arrested Plaintiff.

18. That Defendants Officer Kartman and Officer Williams acted in bad faith and with malice when they violated department procedure by making the arrest without administering Miranda rights.

19. That Defendants Officer Kartman and Officer Williams did not reasonably believe Plaintiff had committed a felony.

20. That Defendants Officer Kartman and Officer Williams did not observe Plaintiff committing, or attempting to commit, in Defendants' presence, any criminal offense or violation of a municipal or county ordinance.

21. Plaintiff responded to Defendants Officer Kartman and Officer Williams by stating that he was not the accused.

22. Plaintiff informed Defendants Officer Kartman and Officer Williams that his identification was in his back pocket.

23. Kevin Greg James told Defendants Officer Kartman and Officer Williams that Plaintiff was not the accused or threatening.

3

24. That Defendants Officer Kartman and Officer Williams ignored the information about te true identity of Plaintiff, and thereby acted in bad faith and with malice.

25. That Defendants Officer Kartman and Officer Williams proceeded to search Plaintiff's person.

26. That Defendants Officer Kartman and Officer Williams located Plaintiff's Missouri State Driver's license and three (3) other forms of identification that property identified Plaintiff as Tony Walker.

27. That Defendants Officer Kartman and Officer Williams acted in bad faith and with malice when they continued to detain Plaintiff in handcuffs after gaining the knowledge that Plaintiff was not threatening or person of interest.

28. That Defendants Officer Kartman and Officer Williams made atrocious and outrageous comments, referring to Plaintiff's sexual orientation in reference to the call being domestic in nature.

## COUNT I

## ASSAULT

**COMES NOW** Plaintiff, for Count I of his Petition states and alleges as follows:

29. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

30. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

31. Defendants shoved and pushed Plaintiff to the ground with the intent to cause Plaintiff offensive contact and/or bodily harm and/or apprehension of offensive contact and/or apprehension of bodily harm.

32. Defendants thereby caused Plaintiff to be in apprehension of bodily harm and/or offensive contact.

4

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, in an amount fair and reasonable in the premises, for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT II

## BATTERY

**COMES NOW** Plaintiff, by and through counsel, and for Count III of his Petition states and alleges as follows:

33. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Petition.

34. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

35. Defendants intentionally shoved Plaintiff to the ground.

36. Defendants thereby caused Plaintiff bodily harm.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, in an amount fair and reasonable in the premises, for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT III

## FALSE IMPRISONMENT

**COMES NOW** Plaintiff, by and through counsel, and for Count III of his Petition states and alleges as follows:

37. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

38. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

39. Defendants intentionally restrained and/or instigated the restraint of Plaintiff against his will.

40. The detention or restrain was without legal justification.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, in an amount fair and reasonable in the premises, for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**COMES NOW** Plaintiff, for Count IV of his Petition states and alleges as follows:

41. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

42. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

43. Defendants' conduct was extreme and outrageous going beyond all possible bounds of decency, was atrocious, and utterly intolerable in a civilized community as herein described above.

44. Defendants' acted intentionally or recklessly to cause emotional distress.

45. Defendants' conduct caused extreme emotional distress resulting in bodily harm including, but not limited to, severe depression, nightmares, and despair.

46. Defendants' sole intent in acting was to cause the emotional distress of Plaintiff.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, in an amount fair and reasonable in the premises, for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT V
## PUNITIVE DAMAGES

**COMES NOW** Plaintiff, for Count V of his Petition states and alleges as follows:

47. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

48. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

49. Defendants' conduct was outrageous because of Defendants' evil motive or reckless indifference to the rights of Plaintiff.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, for an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**COMES NOW** Plaintiff, for Count VI of his Petition states and alleges as follows:

50. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

51. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

52. Defendants owed Plaintiff a duty.

53. Defendants breached that duty by falsely imprisoning Plaintiff at Western Missouri Mental Health Facility and subjecting Plaintiff to atrocious comments regarding Plaintiff's sexual orientation.

54. That from the fact of such occurrence and the reasonable inferences therefrom, such occurrence was directly cause by Defendants negligence.

55. Defendants' negligent acts involved an unreasonable risk of causing emotional distress.

56. Defendants' knew or by using ordinary care could have know of such risk.

57. As a direct result of such negligence, Plaintiff sustained medically diagnosable and significant emotional distress.

58. Defendants showed a complete indifference to or conscious disregard for the safety of others.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, in an amount fair and reasonable in the premises, and an additional amount as punitive damages in such sum as will serve to punish Defendants and to deter Defendants and others from like conduct; for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT VII

## PRIMA FACIA TORT

**COMES NOW** Plaintiff, for Count VII of his Petition states and alleges as follows:

59. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

60. That Defendants Officer Kartman and Officer Williams were acting within the course and scope of their employment with the City of Kansas City, Missouri Police Department as police officers.

61. That injury to the Plaintiff was caused by the act of the Defendants.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, in an amount fair and reasonable in the premises and in excess of Fifty Thousand Dollars ($50,000.00), for an additional amount as punitive damages in such sum as will serve

to punish Defendants and to deter Defendants and others from like conduct; for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT VIII

### NEGLIGENT SUPERVISION
### (Against Defendant Board)

**COMES NOW** Plaintiff, for Count VIII of his Petition states and alleges as follows:

62. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

63. Defendant Board has had a legal duty to use ordinary care to protect the Plaintiff against unreasonable risks of harm.

64. Defendant Board breached that duty by failing to properly supervise its officers whereby a reasonable person could have foreseen the injuries of the type suffered would likely occur under the circumstances.

65. Said breach proximately caused the resulting injury.

66. The Plaintiff was thereby damaged.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Board, in an amount fair and reasonable in the premises, for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

## COUNT X

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

67. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of this Petition.

68. The Defendants acted under the color of state law.

69. The wrongful conduct deprived the Plaintiff of a constitutionally protected federal right in that:

70. Defendant Board, through an express or implied policy or custom or through failure to properly train its officers with regard to conducting themselves, was a moving force of the constitutional violations (was not the person of interest).

71. Defendants acted with deliberate indifference to the rights of Plaintiff.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, in an amount fair and reasonable in the premises, for Plaintiff's costs and expenses herein incurred, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Tony Walker*
Tony Walker
3929 Willow Ave. #201
Kansas City, MO 64133
(660) 322-0246
(660) 542-0557
E-MAIL: tonycarrollton@yahoo.com