# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TONY WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-00583-CV-W-FJG |
| KANSAS CITY POLICE DEPARTMENT, et al. | ) ) ) |
| Defendants. | ) |

## ORDER

Currently pending before the court is Defendants' Motion to Dismiss for failure to state a claim under F.R.C.P. 12b(6). The motion was filed by various defendants sued in plaintiff's first Complaint, namely the Kansas City Police Department, I. Pearl Fain, Police Chief Corwin, Board of Police Commissioners, and Johnnie Crawford.

Plaintiff's Amended Petition added as defendants Officer Thomas Kartman, Officer Edward Williams, and six commissioners of the Kansas City Board of Police Commissioners sued individually in their official capacities: Patrick McInerney, Mark Thompson, Karl Zobrist, Mayor Mark Funkhouser, James Wilson, and Jennifer Atterbury. The new defendants have not been served and thus were not movants in the motion to dismiss.

## I. BACKGROUND

Plaintiff Walker filed a *pro se* Complaint on November 16, 2009 alleging 28 U.S.C. § 1983 violations stemming from his arrest and subsequent 24-hour detention in the Western Missouri Mental Health Facility on January 3, 2009. Plaintiff's claims were somewhat unclear since he mistakenly used a form pleading designed for employment

discrimination cases as his original Complaint.

On January 12, 2010, Defendants filed a Motion to Dismiss for failure to state a claim under F.R.C.P. 12b(6) and Suggestions in Support. Counsel filing the motion represents all original defendants with the exception of defendant Johnnie Crawford, who does not appear to be represented or served.

Plaintiff obtained an order extending the time in which he could respond to Defendants' motion and timely filed an Amended Petition on March 11, 2010, followed by a Second Amended Petition filed without leave on March 12, 2010. The Second Amended Petition is nearly identical to the first. Plaintiff attempted to correct the deficiencies in his original Complaint, and thereby defeat the motion to dismiss his claims, by filing these two amended petitions.

## II. STANDARD

Plaintiff must plead enough facts to raise his claims beyond the level of speculation, from conceivable to "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleader must "affirmatively suggest an actual entitlement to relief by supplying allegations that push the claim above the level of mere speculation." *Id.* When a claim is challenged, the court must presume that all allegations are true, and view the pleading in the light most favorable to the non-moving party. *Id.* We are not bound, however, to accept as true, legal conclusions that are couched as factual allegations. *Papason v. Allain*, 478 U.S. 265, 286 (1986).

Not only must the facts alleged be plausible, they must also state a legal claim upon which relief can be granted. There must be an actionable theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

2

## III. DISCUSSION

### A. Claims against Defendant Kansas City, Missouri Police Department

Plaintiff did not state a claim upon which relief can be granted against defendant Kansas City, Missouri Police Department because that defendant is a non-suable entity. The specific claims against it need not be analyzed further. It has previously been held that the "KCMPD" [Kansas City Missouri Police Department] "does not exist as an entity that can be sued." *Cross v. Cleaver*, 142 F.3d 1059, 1063 (8th Cir. 1998). Therefore, plaintiff's claims against the Kansas City, Missouri Police Department are hereby **DISMISSED**.

### B. Claims against Defendant I. Pearl Fain (Director of Office of Community Complaints)

Plaintiff did not state a claim upon which relief can be granted against defendant I. Pearl Fain because he did not plead any facts that support his claim against this defendant other than to list her as a defendant in his original complaint. Additionally, her name is excluded from the defendants listed in plaintiff's Amended Petition. Even assuming plaintiff intended to include her in the group of defendants against whom he alleges § 1983 violations, in order for those claims to go forward against Fain, plaintiff must plead facts supporting a claim of personal liability for the violation of constitutional rights alleged to have occurred. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Plaintiff did not plead any facts regarding Fain, therefore plaintiff's claims against Fain are **DISMISSED**.

### C. Claims against Defendant Kansas City, Missouri Police Chief Corwin

Plaintiff did not state a claim upon which relief can be granted against defendant Police Chief Corwin because he did not plead any facts that support his claim against this

defendant other than to list him as a defendant in his original complaint. Additionally, his name is excluded from the defendants listed in plaintiff's Amended Petition. If plaintiff intended to include Corwin in the group of defendants against whom he alleges § 1983 violations, in order for those claims to go forward against Corwin, plaintiff must plead facts supporting a claim of personal liability for the violation of constitutional rights alleged to have occurred. *Id.* Plaintiff did not plead any facts that support a claim against him, therefore plaintiff's claims against Corwin are **DISMISSED**.

**D. Claims against Defendant Johnnie Crawford**

Plaintiff did not state a claim upon which relief can be granted against defendant Johnnie Crawford because he did not plead any facts that support his claim against this defendant other than to list her as a defendant in his original complaint. Additionally, her name is excluded from the defendants listed in plaintiff's Amended Petition. Plaintiff did not state a claim upon which relief can be granted against defendant Johnnie Crawford because in order for § 1983 claims to go forward against Crawford, plaintiff must plead facts supporting a claim of personal liability for the violation of constitutional rights alleged to have occurred. *Id.* Plaintiff did not plead any facts that support his claim against her, therefore plaintiff's claims against Crawford are **DISMISSED**.

**E. Claims against Officers Kartman and Williams in Amended Petition**

Against these two defendants plaintiff alleges Assault (Count I), Battery (Count II), False Imprisonment (Count III), Intentional Infliction of Emotional Distress (Count IV), Punitive Damages (Count V), Negligent Infliction of Emotional Distress (Count VI), and a "Prima Facia Tort" (Count VII).

4

Plaintiff may have intended to, but does not allege that the officers violated his constitutional rights. Plaintiff essentially identifies state tort claims. Plaintiff alleges that defendant officers knocked him down while handcuffing him tightly, arrested him without cause and detained him for 24 hours, but this information comes from a narrative account of the events that plaintiff filed as an attachment to another pleading filed on August 31, 2009, and is not alleged in the Amended Petition.

Even liberally construed, his tort claims against the officers alleged in the narrative document, and those in his Amended Petition, are not allegations of bad faith (willful or malicious arrest), which is the only way the officers can be potentially liable for constitutional violations. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 585 (8th Cir. 2006). Because plaintiff neither alleges nor describes facts that constitute a deprivation of constitutional rights during his arrest and subsequent detention at Western Missouri Mental Health Center, his section 1983 claims against the officers, if any exist, are DISMISSED WITHOUT PREJUDICE. Plaintiff is free to refile his tort claims in state court.

**F. Claims against Kansas City Board of Police Commissioners as an Entity**

The Eighth Circuit held that a plaintiff did not state a claim upon which relief could be granted against the St. Louis Board of Police Commissioners because the board itself was not a suable entity. *Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988). [Section 1983] claims against the Board must be in the form of claims made against individual members. *Id.* Plaintiff's claims against the Board in his original Complaint must fail because he did not properly sue the Board members. Plaintiff's claims against the Board as an entity are **DISMISSED**.

**G. Claims against the Kansas City Police Commissioners as Individuals in Amended Petition**

On its face, the Amended Petition does not allege any constitutional violations by the arresting officers, but does allege them against the defendant Board of Police Commissioners (Count X). In order for the commissioners, properly sued as individuals in the Amended Petition, to be liable for the § 1983 violations alleged against them, it must first be plausible that the officers whom they supervise are liable for such violations. *Russell v. Hennepin County*, 420 F.3d 841, 846 (8th Cir. 2005).

Liberally construing plaintiff's claims and viewing them in the light most favorable to him, plaintiff has not plead enough facts to establish a plausible case of § 1983 violations against the officers.

Even if plaintiff had pled a sufficient § 1983 case against the officers, he must plead additional facts to attach liability to the commissioners for those alleged violations. Specifically, plaintiff needed to plead either a custom or policy was in place that directly caused or contributed to the violations. *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 659 (1978). Or plead that the commissioners were personally involved in or had direct responsibility for a deprivation of his rights. *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Plaintiff did neither. Instead he made "[c]onfusing, conclusory statements of constitutional violations [that] will not sustain a § 1983 claim beyond a motion to dismiss." *Fuentes v. Chavez*, 314 Fed.Appx. 143, 145, 2009 WL 458791 (10th Cir. 2009).

Because plaintiff neither pled enough facts to make a plausible § 1983 case against the officers, nor facts that attach the liability of alleged deprivations to the commissioners,

plaintiff's claims against the board member commissioners as individuals are **DISMISSED**.

The court has discretion to dismiss, *sua sponte*, claims before it when they fail to state a claim upon which relief may be granted, even before service takes place. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989).

## IV. CONCLUSION

All claims in plaintiff's original Complaint are **DISMISSED WITH PREJUDICE**. Claims in plaintiff's Amended Petitions against defendant Kansas City, Missouri Board of Police Commissioners individually are **DISMISSED WITH PREJUDICE**. Claims in plaintiff's Amended Petitions against defendant police officers Kartman and Williams are **DISMISSED WITHOUT PREJUDICE**.


Date:   07/06/10                                **S/FERNANDO J.GAITAN, JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                Chief United States District Judge